

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

~~XXXXXXXXXXXXXX~~ERID
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Lee Curtis
County Attorney
Bell County
Belton, Texas

Dear Sir:

Opinion No. O-6918

Re: County purchasing and
leasing photostatic machine.
Can the County Clerk and
Commissioners' Court legally
employ an operator of photo-
static machine and pay him
on piece-work or page basis,
or is it the duty of Clerk
and deputies to operate
said machine?

We acknowledge receipt of your request for an opinion
on the above matters, said request reading as follows:

"The County Clerk of Bell County has recently
explained to me that money could be saved the county
in the administration of his office by either the
purchase or a lease of a photostatic machine to be
used in making copies of deeds and other instruments
which the law provides shall be recorded in the
office of the County Clerk, and in preparing certi-
fied copies of various instruments, such photostatic
copies to be in lieu of and substitution for the
copies of such instruments as are now made on type-
writers by clerks in the office.

"The County Clerk has propounded several ques-
tions in this connection. First, would it be lawful
for the county to purchase such photostatic machine?
Second, would it be lawful for the county to lease
such machine for a period of five years? Third, in
the event such machine should be acquired by purchase
or lease, would it be lawful for the County Clerk
or the Commissioners' Court to employ an operator
of such machine, or would it be necessary for some
deputy clerk to operate the machine? Fourth, if

some one other than a deputy clerk could lawfully
be employed to operate such machine, could the com-
pensation be determined on a piece-work or per page
basis, or would it be necessary that the compensation
be on a salary basis, and, if so, would the maximum
salary necessarily be the maximum salary which the
County Clerk could pay to a deputy?

"I have advised the County Clerk that in my
opinion the Commissioners' Court would have lawful
authority to purchase or lease such machine, but that
since the law requires the County Clerk to copy various
instruments into the permanent records and to prepare
and furnish certified copies, it would seem to be the
lawful duty of the clerk and his deputies to perform
such services, and that there is no authority which
would permit the County or the County Clerk to employ
some one other than a deputy clerk to operate the
machine in performing such services. This opinion is
expressed with reluctance because it is my understanding
that operators of photostatic machines are able to com-
mand and obtain higher salaries than the maximum salary
which the County Clerk of Bell County can pay any deputy,
and that this conclusion has the practical effect of pre-
cluding the possibility of the saving of money to the
county, it being my understanding that such machines can
be leased and operators can be employed on such a basis
as to actually reduce the expenses now incurred in per-
forming the services in the customary manner."

The population of Bell County, Texas, according to the
1940 U. S. Census is 44,863.

This department, in Opinion No. O-637, held that the
County Clerk of El Paso County, Texas, could install and use
the photostatic method of recording written instruments which
he is authorized and required to record. Judge Ocie Speer,
speaking for this department, in Opinion No. O-2241, said:
". . .Of course, where a statute authorizes the recordation of
an instrument the transcription may be by the photographic pro-
cess, as well as by calligraphic process. We so held in our
Opinion No. O-637. So, also, where certified copies of records
are permitted, the copies so certified may be photostatic as
well as typewritten or handwritten. . ."

In our Opinion No. O-3571, we held that the Sheriff of
Collin County with the approval of the Commissioners' Court
could pay the City of McKinney or Radio Station KTWP a reason-
able amount monthly for radio service furnished in connection
with the conduct of his office.

We enclose herewith for your benefit Opinions Nos. 0-637, 0-2241, and 0-3571.

Article 3899, Vernon's Annotated Civil Statutes, provides in part, as follows:

"(b) Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premiums on fire, burglary, theft, robbery insurance protecting public funds, and including the cost of surety bonds for his deputies, provided that expenses incurred for premiums on officials' bonds for the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector, including the cost of surety bonds for any deputies of any such officers, may be also included, and such expenses to be passed on, predetermined and allowed in the time and amount, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses. The Commissioners' Court of the county of the sheriff's residence may, upon the written and sworn application of the sheriff stating the necessity therefor, purchase equipment for a Bureau of Criminal Identification, such as cameras, fingerprint cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment, in keeping with the system in use with the Department of Public Safety of this State, or the United States Department of Justice and/or Bureau of Criminal Identification.

"Such purchases shall be made by each officer, when allowed, only by requisition in manner provided by the county auditor, if any, otherwise by the Commissioners' Court. Each officer, shall, at the close of each month of his tenure of office, make an itemized and sworn report of all approved expenses incurred by him and charged to his county, accompanying such report with invoices covering such purchases and requisitions issued by him in support of such report.

If such expenses be incurred in connection with any
particular case, such report shall name such case.
Such report, invoices, and requisitions shall be
subject to the audit of the county auditor, if any,
otherwise by the Commissioners' Court, and if it
appears that any item was not incurred by such
officer, or that such item was not a necessary or
legal expense of such office, or purchased upon
proper requisition, such item shall be by said
county auditor or court rejected, in which case
the payment of such item may be adjudicated in any
court of competent jurisdiction. All such approved
claims and accounts shall be paid from the Officers'
Salary Fund unless otherwise provided herein."
(underscoring ours)

The facts in the instant case show that the photo-
static machine is to be used for the same purpose, and in the
place of a typewriter in the performance of duties in the
Clerk's office. If the Commissioners' Court determines that
a necessity for such machine exists it is the opinion of this
department, in view of the authorities above, that the purchase
price or the amount paid for the lease of said machine is a
reasonable expense necessary in the proper and legal conduct
of the Clerk's office of Bell County, Texas. Therefore, your
first and second questions are answered in the affirmative.

Section 20, Article 5, State Constitution reads as
follows:

"There shall be elected for each county, by the
qualified voters, a county clerk, who shall hold his
office for two years, who shall be clerk of the County
and Commissioners' Courts and recorder of the county,
whose duties, perquisites and fees of office shall be
prescribed by the Legislature, and a vacancy in whose
office shall be filled by the Commissioners' Court,
until the next general election for county and State
officers; provided, that in counties having a popu-
lation of less than eight thousand persons there may
be an election of a single clerk, who shall perform
the duties of district and county clerks."

Article 6600, V. A. C. S., provides:

"The county clerk shall give attested copies
whenever demanded of all papers recorded in his office;
and he shall receive for all such copies, such fees
as may be provided by law."

Article 3902, V. A. C. S., provides in part as follows:

"Whenever any district, county or precinct offi-
cer shall require the services of deputies, assistants
or clerks in the performance of his duties he shall
apply to the County Commissioners' Court of his county
for authority to appoint such deputies, assistants or
clerks, stating by sworn application the number needed,
the position to be filled and the amount to be paid.
Said application shall be accompanied by a statement
showing the probable receipts from fees, commissions
and compensation to be collected by said office during
the fiscal year and the probable disbursements which
shall include all salaries and expenses of said office;
and said court shall make its order authorizing the
appointment of such deputies, assistants and clerks
and fix the compensation to be paid them within the
limitations herein prescribed and determine the
number to be appointed as in the discretion of said
court may be proper; provided that in no case shall
the Commissioners' Court or any member thereof attempt
to influence the appointment of any person as deputy,
assistant or clerk in any office. Upon the entry of
such order the officers applying for such assistants,
deputies or clerks shall be authorized to appoint them;
provided that said compensation shall not exceed the
maximum amount hereinafter set out. The compensation
which may be allowed to the deputies, assistants or
clerks above named for their services shall be a
reasonable one, not to exceed the following amounts:

"* * *

"3. In counties having a population of thirty-
seven thousand five hundred and one (37,501) and not
more than sixty thousand (60,000) inhabitants, first
assistant or chief deputy not to exceed Twenty-one
Hundred (2100.00) Dollars per annum; other assistants,
deputies or clerks not to exceed Eighteen Hundred
($1800.00) Dollars per annum each. Provided that
nothing in this Act shall be construed as repealing
or affecting Section 2 of H. B. No. 694, Chapter 315,
Acts 1935, Forty-fourth Legislature, page 724.

"* * *

"9. The Commissioners' Court is hereby authorized,
when in their judgment the financial condition of the
county and the needs of the deputies, assistants and
clerks of any district, county or precinct officer

> justify the increase, to enter an order increasing the compensation of such deputy, assistant or clerk in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed Thirty-six Hundred ($3600.00) Dollars."

In answer to your third question, you are advised that the Commissioners' Court has no authority to employ an operator of such machine, and if one is purchased or leased it will be the duty of the County Clerk, his deputy, assistant or clerk to operate the same. The County Clerk has the exclusive authority to appoint his deputies, assistants and clerks. He may appoint a deputy, an assistant or a clerk to operate such machine, said deputy, assistant or clerk to be paid as provided for in Sections 3 and 9 of Article 3902, above.

In view of what we have said it becomes unnecessary to answer your fourth question.

We trust that the above satisfactorily answers your inquiries.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Jesse Owens
Jesse Owens
Assistant

JO:LJ:EAC

APPROVED NOV 15, 1945

/s/ Grover Sellers

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

BY B.W.B.
CHAIRMAN